

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

Gerald C. Mann
XXXXXXXXXXXX

Honorable E. Y. Gunningham
County Auditor
Navarro County
Corsicana, Texas

Dear Sir:

Opinion No. O-2565
Re: Salaries of officers of
Navarro County as effect-
ed by drop of population
of said county below
60,000 and drop of valua-
tion below $20,000,000.00.

We acknowledge receipt of your letter of July 23,
wherein you advise that former opinions of this department
sent you in response to your request for an opinion of July 9
do not adequately solve your problem.

Your question is based upon the following facts as
submitted in your two letters. According to the 1930 Federal
Census Navarro County had a population of 60,507. The 1940
census shows Navarro County to have a population slightly a-
bove 52,000. Since 1935 the total county valuation has dropped
from above $20,000,000.00 to below $20,000,000.00. In 1935
the salaries of your county officers, such as county clerk,
district clerk, tax collector and assessor and sheriff were
placed at a maximum of $4750.00 per year.

Based upon these facts, you ask how the salaries of
the county officers will be effected by reason of the drop in
population of Navarro County to below 60,000 and drop in county
valuation to below $20,000,000.00.

Salaries of your county officers have heretofore been
paid in accordance with the following provision of Article 3891,
Vernon's Annotated Civil Statutes of Texas, as enacted by Acts
1935, 44th Legislature, p. 52, ch. 327, Sec. 1:

"In counties containing sixty thousand and
one (60,001) and not more than one hundred
thousand (100,000) inhabitants district and
county officers named herein shall retain one-
third of such excess fees until such one-third
together with the amount specified in Article
3883, amounts to Forty Seven Hundred and Fifty
Dollars ($4750.00)."

Section 13 of Article 3912e provides in part:

"The Commissioners' Court in counties having a population of twenty thousand (20,000) inhabitants or more, and less than one hundred and ninety thousand (190,000) inhabitants according to the last preceding Federal Census, is hereby authorized and it shall be its duty to fix the salaries of all the following named officers, to-wit: sheriff, assessor and collector of taxes, county judge, county attorney, including criminal district attorneys and county attorneys who perform the duties of district attorneys, district clerk, county clerk, treasurer, hide and animal inspector. Each of said officers shall be paid in money an annual salary in twelve equal installments of not less than the total sum earned as compensation by him in his official capacity for the fiscal year 1935 and not more than the maximum amount allowed such officer under laws existing on August 24, 1935; . . ." (emphasis ours)

In our opinion No. 0-2560 in construing the above quoted provision we declared:

"In 1936 the compensation or salaries of the officers named in Section 13 of Article 3912e, supra, was fixed and based upon laws existing on August 24, 1935, with reference to the maximum amount allowed such officers and said article provided that the minimum should not be less than the total sum earned as compensation by such officers in their official capacities for the fiscal year 1935. . . . We are of the opinion that the salaries for the officers named in Section 13, Article 3912e, supra, in counties having a population of 20,000 inhabitants or more, and less than 190,000 inhabitants, according to the last Federal Census, should be fixed for the year, 1941, as provided by law existing August 24, 1935, regardless of the population of such counties as shown by the 1940 Federal Census." (emphasis ours)

Inasmuch as Navarro County does not now have a valuation in excess of $20,000,000.00 that part of Section 13 of Article 3912e which provides for a 1% increase in the maximum salaries of officers for each $1,000,000.00 valuation in excess of $20,000,000.00, in counties having a population between 37,500 and 60,000 would not be applicable.

It is our opinion, therefore, that the salaries to be paid officers of Navarro County under the above quoted provision of Section 13 of Article 3912e is unaffected by its change in population from above 60,000 to below 60,000 popu-

lation, since, in any event, the minimum may not be less than "the total sum earned as compensation . . . for the fiscal year 1935" and the maximum may not be more than "allowed for such officer under laws existing on August 24, 1935."

Since we have held that there will be no change in the limits within which the Commissioners' Court may set the salaries of the county officers of Navarro County by reason of its change in population and total valuation, your question as to when the change due to the announcement of the 1940 census shall become effective becomes immaterial.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Walter R. Koch
Assistant

APPROVED AUG. 13, 1940
/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

WRK:jm:jrb

APPROVED OPINION COMMITTEE
BY BWB, Chairman